UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CLEFFORD ELLIS** <br> **PLAINTIFF** | ) <br> ) <br> ) |
| Vs. | ) CIVIL ACTION NO:2:05-CV-1020D <br> ) <br> ) <br> ) <br> ) |
| **JAMES DELOACH ,et al.,** <br> **RESPONDANT(S),** | ) <br> ) |

## MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff, Clifford Ellis, in *proper persona*, moves this Honorable Court, pursuant to Title 28 U.S.C. § 1915(d)(1996) 18 U.S.C. 3006(A)(1996) for appointment of counsel in the above styled cause as grounds herein would show:

1. The plaintiff filed a Civil Right's Complaint, Title 42 U.S.C. 1983, and a Motion to Proceed in Forma Papupers, on the 25th. day of October, 2005.

2. This Court, by Order, granted the plaintiff leave to proceed as an indigent on the 2nd. day of November 2005.

3. Plaintiff request appointment of counsel in this casues due to his lack of any legal training in the arts of juris, the complexity of the issues, and the

RECEIVED 2006 MAR 16 A 10:10

SCANNED

need for professional investigation and representation.

4.That in the interest of justice, a full and fair hearing on the merits, and due process, this court may appoint plaintiff counsel.

The eleventh circuit in **Wahl V. McLver,** 773 F.3d. 1174 (11th. Cir. 1985); accord,**Lopez V. Reyes,** 692 F.2d. 15, 17 (5th.Cir. 1982); **Branch V. Cole,** 686 F.2d. 265 (5th.Cir. 1982) has held that "generally speaking no right to counsel exists in § 1983 actions." In **Hardwich V. Ault,** 517 F.2d. 295, 298 (5th. Cir. 1975), however, later decisions of this court appointments of counsel make clear that the words "generally speaking" contain an important limitation on *Hardwick's "no right"* language.**Write V. Dallas County Sheriff's Dept.,** 660 F.2d.(5th.Crim. 1981); **Knight V. Watkins,** 616 F.2d. 795, 799 (5th.Cir. 1980).Other circuits have also recognized that appointment of counsel should be made under the authority of 28 U.S.C. 1915(d) if cases meet the stated threshold requirements. see **Stinger V. Rowe,** 616 F.2d. 993 (7th.Cir. 1989), **or when exceptional circumstances are present. Aldabe V. Aldabe,** 616 F.2d. 1089 (9th. Cir. 1980) see also, **Ray V. Robinson,**640 F.2d. 474 (3rd.Cir. 1981);**Tabron V. Grace,**6F.3d. 147 (3rd.Cir. 1993) *cert denied 114 S.Ct. 1306 (1994);* **cf Lucero** V. **Gunter,** 52 F.3d. 874 (10th. Cir. 1995).

Plantiff asserts his complaint has potential merit although he is unlettered in the law and arts of *juris* and that it would be a service to the court and the parties for the court to appoint counsel to explain the applicable legal principles to the complaint and limit litigation to potentially meritorious issues. Additionally, appointment of counsel would provide the inmate plaintiff with an opportunity to obtain representation equally qualifed with the professional counsel provided by the state for the defendant.

Respectfully Submitted

*Clifford Ellis*
Clifford Ellis

SWORN TO AND SUBSCRIBED before me this the __14th__ day of __MARCH__, 2006.

_____
Notary Public

My Commission Expires: __03-06-09__

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was mailed to the below listed parties by placing the same in a pre-paid postage and properly addressed envelope and depositing the same in the U.S.Mail on this the __14__ day of __March__ 2006.

SERVICE TO:Debra P.Hackett (Clerk)
Middle District of Alabama
United States Courthouse
15 Lee Street
Montgomery, Alabama.36104


J.Matt Bledson
Assistant Attorney General
Office of the Attorney General
11 South Union ST.
Montgomery, AL.36130

                                              SUBMITTED BY

                                              *Clifford Ellis*
                                              Clifford Ellis (pro-se)
                                              A.I.S#208226/D-2-16B
                                              STATON COR.FAC.
                                              P.O.BOX #56
                                              ELMORE,ALABAMA.36025-0056