UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD ELLIS, #208226, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES DELOACH, et al. )<br>)<br>Defendants. ) | Case No. 2:05-CV-1020-D |

## SPECIAL REPORT

COME NOW, the defendants, **James DeLoach and James Canton,** and in accordance with this Honorable Court's Order of November 2, 2005, do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Clifford Ellis ("Mr. Ellis"), is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated in the Staton Correctional Facility in Elmore, Alabama.

2. Plaintiff has named the following defendants:

   a. James DeLoach ("Warden DeLoach"), Correctional Warden III, who is employed by the Department of Corrections, Draper Correctional Facility in Elmore, Alabama.

   b. James Canton, Jr. ("Officer Canton"), Correctional Officer I, who is employed by the Department of Corrections, Draper Correctional Facility in Elmore, Alabama.

    c. Prison Health Services, Inc., healthcare provider for prisoners at Draper.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff alleges that Officer Canton ran a stop sign while transporting Mr. Ellis either to or from highway work detail, and as a result the DOC bus was broadsided by an oncoming vehicle. Mr. Ellis goes on to say that Warden DeLoach was negligent in failing to provide a safe work environment. Mr. Ellis has also claimed that he is being denied proper medical treatment.[1] Plaintiff has made no demand for relief.

## DEFENDANTS' EXHIBITS

1. Exhibit A - Affidavit of James DeLoach, Correctional Warden III of Draper Correctional Facility.

2. Exhibit B – Affidavit of James Canton, Jr., Correctional Officer I of Draper Correctional Facility.

3. Exhibit C – Incident report dated October 28, 2004.

4. Exhibit D – Mr. Ellis's medical records beginning October 28, 2004.

## DEFENDANTS' RESPONSE

1.     Defendants deny being deliberately indifferent to providing a safe work environment.

2.     Defendants deny using excessive force on Plaintiff.

3.     Defendants deny violating Plaintiff's constitutional rights by failing to provide adequate medical treatment.

---

[1] Mr. Ellis names Prison Health Services as being the entity responsible for denying him medical treatment. (See ground two of plaintiff's complaint.)

4. Defendants named in their official capacities are immune by virtue of sovereign immunity.

5. Defendant DeLoach is immune from suit in his individual capacity via qualified immunity.

6. Plaintiff has failed to state a claim upon which relief can be granted.

7. Plaintiff has failed to ask for any relief.

8. Defendants request that this Honorable Court consider this report as a Motion for Summary Judgment for Warden DeLoach and Officer Canton in their official capacities on the grounds of sovereign immunity, and for Warden DeLoach in his individual capacity on the grounds of qualified immunity, and for Officer Canton on all remaining claims for failing to state a claim upon which relief may be granted.

## STATEMENT OF FACTS

On October 28, 2004 at some time around 1:30PM Officer Canton was transporting Mr. Ellis either to or from work detail when he was involved in a car accident. (Ex. A and B) Mr. Ellis and Officer Canton have each described the accident, and their recollections of the facts surrounding the accident are different. Officer Canton, who possesses a Class B commercial driver's license, states that the accident occurred because he misjudged the speed and distance of an oncoming vehicle. (Ex. B) Mr. Ellis states that Officer Canton drove through a stop sign and was broadsided by an oncoming vehicle. (See Plaintiff's Complaint)  The incident report shows that Officer Canton's urine sample tested negative for alcohol and narcotics at 3:12PM that same day. (Ex. C) Officer Canton states that he did not intentionally wreck the DOC bus. (Ex. B)

Mr. Ellis received medical treatment at the prison healthcare unit immediately after the accident. (Ex. A and D) The attending physician at Staton examined Mr. Ellis, and ordered him to be transported to an off-site healthcare facility where he received additional treatment. (Ex. A and D) Warden DeLoach states in his affidavit that Mr. Ellis was examined by a medical professional eight times for the injuries to his neck. (Ex. A) Mr. Ellis's medical records corroborate Warden DeLoach's testimony. (Ex. D) Warden DeLoach actually understates the amount of medical treatment Mr. Ellis has received. (Ex. D) Mr. Ellis's medical records show over forty-five instances where Mr. Ellis was examined by a medical professional since the accident occurred. (Ex. D) Mr. Ellis's records also show that he has received numerous prescription medications since the accident occurred.

Warden DeLoach was not involved in the accident. (Ex. C)

## DISCUSSION OF PLAINTIFF'S CLAIMS

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. This case is ripe for summary judgment because the Plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the defendants are entitled to judgment as a matter of law.

4

**Sovereign Immunity**

Plaintiff's claims against Warden DeLoach and Officer Canton, in their official capacities, fail because the Defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See Edelman v. Jordan, 415 U.S. at 663, 94 S. Ct at 1347 and Hans v. Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. To the extent that the Plaintiff has named each Defendant in their official capacities, he has sued the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. Defendants in their official capacities are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state). All claims against the Defendants in their official capacities are due to be dismissed.

**Qualified Immunity**

Warden DeLoach was using his discretion as the Warden of Draper Prison before and after the accident occurred, and is therefore entitled to qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A&M Univ., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994). Monitoring and restraining violent inmates is a dangerous undertaking that requires the use of discretion. Plaintiff's allegations that Warden DeLoach violated his constitutional rights by not providing a safe work environment are without merit. The Plaintiff has not alleged any specific personal act or decision that would subject Warden DeLoach to liability. Warden DeLoach cannot be held personally liable for a 42 U.S.C. § 1983 civil action under the theory of Respondeat Superior. Ford v. DeLoach 2005 WL 1243346 (M.D.Ala.). Plaintiff has failed to allege a valid violation of his constitutional rights that puts Warden DeLoach on notice that his actions violated clearly established law. Warden DeLoach is entitled to qualified immunity.

**Eighth Amendment Claim**

Plaintiff's 42 U.S.C. § 1983 claim against Officer Canton fails as a matter of law. Plaintiff's only federal claim against Officer Canton is the use of excessive force on Mr. Ellis. Mr. Ellis's excessive force claim cannot survive summary judgment unless Mr. Ellis can show that Officer Canton maliciously or sadistically wrecked the bus with Mr. Ellis inside for the very purpose of causing harm. Bozeman v. Orum 422

F.3d 1265, 1271 (11th Cir. 2005). Officer Canton states in his affidavit that he did not intentionally wreck the bus. (Ex. B) Therefore, unless Plaintiff can show Officer Canton acted with malice, Plaintiff has no valid § 1983 claim against Officer Canton, and Canton is due to be dismissed.

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of fact as to the Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

## **CONCLUSION**

Based on the foregoing, Defendants, Warden DeLoach and Officer Canton, respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment on the claims discussed above in favor of the Defendants.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KING047


s/ *J. Matt Bledsoe*
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 23rd day of March 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Clifford Ellis, #208226
Staton Correctional Facility
PO Box 56
Elmore, AL  36025

s/ *J. Matt Bledsoe*
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7554
(334) 242-2433 (fax)