IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD ELLIS, #208226 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-1020-ID |
| ) | [WO] |
| JAMES DELOACH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Clifford Ellis ("Ellis"), a State of Alabama inmate incarcerated at the Elmore Correctional Facility ("ECF"), filed this civil action against Warden James Deloach of the Draper Correctional Facility ("Deloach"), Draper Correctional Officer James Canton ("Canton"), and Prison Health Services, Inc. ("PHS").

Pursuant to the orders of this court, the Defendants filed written special reports and supporting evidentiary materials addressing Ellis's claims. In accordance with the order entered June 7, 2006 (Doc. #23), the court deems it appropriate to treat the Defendants' special reports as motions for summary judgment. The court gave plaintiff an opportunity to respond to the motions and he has done so. Upon consideration of the motions, pleadings, responses and evidentiary material filed in support of and in opposition to the motion, the court recommends the motions for summary judgment be GRANTED.

## I. BACKGROUND[1]

Ellis was a passenger on a passenger bus owned by the Alabama Department of Corrections ("ADOC"), and operated by Canton, an ADOC employee. Ellis alleges his neck was broken when the bus was broadsided by an oncoming vehicle because Canton did not check the oncoming approaching traffic. Ellis further alleges PHS failed to provide adequate health care, other proper medical attention, or treatment.

The incident report submitted as an exhibit by Defendants Deloach and Canton shows Ellis was a passenger on an ADOC bus driven by Canton on October 28, 2004, at approximately 1:30 p.m. (Doc. #20-4, at 2). Statements from the passengers, all prisoners, vary. Some describe Canton checking the traffic from the left of the stop sign, while others, including Ellis, claim Canton ran the stop sign. (Doc. #20-4, at 5-11). A physical examination of Ellis by PHS after the incident noted slight tenderness to the middle back area and a small scratch to the front of his right leg. Ellis was prescribed Motrin and Percogesic before his placement in the medical observation unit. (Doc. #20-4, at 12). PHS ordered x-rays to be performed on the next day. (Doc. #20-4, at 12). Even though x-rays of Ellis's lumbar spine and back were normal, he continued to complain of pain. PHS ordered a cervical MRI which showed normal results. Finally, Ellis received CT scans of the cervical spine and a full radiographic workup. All findings were normal.

---

[1] The court construes the facts in a light most favorable to Ellis, the non-movant in this case. *See Kingsland v. City of Miami,* 382 F.3d 1220, 1227 (11th Cir. 2004) (stating that a court must accept the non-movant's version of disputed facts as true for purposes of summary judgment).

(Doc. #7, at 3).

Ellis filed this civil action alleging Deloach, Canton, and PHS violated his rights under the United States Constitution. He claims defendants Deloach and Canton were negligent and recklessly callous by failure to provide a safe work environment for inmates, and defendant PHS was deliberately indifferent to his medical needs. Ellis's *Complaint* does not allege a violation of any specific constitutional provision, and does not contain a prayer for injunctive relief or monetary damages. In light of Ellis's failure to name specific statutory grounds for his action, the court interprets his claims of substandard care within the context of the Eighth Amendment to the Constitution and 42 U.S.C. § 1983. *See Porter v. White,* 483 F.3d 1294, 1307 (11th Cir. 2007) ("We have repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution."); s*ee also Jones v. Allen*, 483 F.Supp.2d 1142, 1145 (M.D. Ala. 2007) ("a §1983 suit is best characterized as a constitutional tort action").

## II.  STANDARDS OF REVIEW

A civil complaint filed by a prisoner seeking redress from an employee or officer of a governmental entity may be dismissed if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a), (b). An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as

contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' ... without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984)).

To survive the defendants' properly supported motions for summary judgment, the plaintiff is required to produce some evidence to support his constitutional claims. *See Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.,* 814 F.2d 607 (11th Cir. 1987). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, *id*., *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts,

a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.. 1998) (*per curiam*) (citation omitted). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. V. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations and quotations omitted).

### III.  DISCUSSION

**A.  Prison Health Services**

PHS asserts it is entitled to summary judgment on a variety of grounds, including Ellis's failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. #7, at 7, 12).

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997e(a) that an inmate must exhaust

irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 918-19 (2007) (approving use of exhaustion requirement under §1997e(a) as an affirmative defense in §1983 litigation). *See also Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

    Ellis did not disprove or dispute the allegation by PHS that he has failed to exhaust available administrative remedies. *Jones*, 127 S.Ct. at 919; *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") His failure "to make a showing sufficient to establish the existence of an element essential to that [his] case" entitles PHS to summary judgment. *Celotex,* 477 U.S. at 322 The court therefore recommends the district court grant summary judgment to PHS.

    **B. Draper Defendants**

    To state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford*

*Community Hospital, Inc.,* 826 F.2d 1030, 1032 (11th Cir.1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

### 1. *James Deloach*

Ellis claims Deloach was negligent and recklessly callous in failing to provide a safe work environment. (Doc. #1, at 3; Doc. #26, at 5). To prevail against Deloach, Ellis must show Deloach was involved in acts or omissions that resulted in some constitutional deprivation. *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). The language of §1983 plainly requires proof of an affirmative causal connection between the actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala*., 51 F.3d 988, 990 (11th Cir. 1995). Ellis does not plead any action or inaction by Deloach directly contributed to his alleged injury, or that Deloach, as warden, could be held responsible due to his acquiescence in customs or policies which violate prisoners' constitutional rights. *See Gonzalez v. Reno*, 325 F.3d 1228, 1234-35 (11th Cir. 2003); *see also Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) ("Supervisory liability under section 1983 may be shown by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation.").

Ellis's *Complaint* fails to state a legal claim under § 1983 against Deloach. The insufficient legal theory renders the claim against Deloach frivolous, and subject to dismissal under 28 U.S.C. §1915A(b)(1). *Neitzke*, 490 U.S. at 325. Accordingly, the

court recommends the district court enter summary judgment in favor of Deloach.

### *2. James Canton*

Ellis also claims Canton was negligent and recklessly callous in failing to provide a safe work environment. (Doc. #1, at 3). He alleges Canton's failure to stop the ADOC bus to check for oncoming traffic was the proximate cause of a constitutional deprivation of rights. (Doc. #1, at 3). A prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Under this standard, to survive summary judgment on this claim, the plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation. *See LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

Ellis alleges he sustained severe injuries as a result of the negligence and recklessness of Canton, whom he alleges was driving in an unsafe manner at the time of the accident. Mere negligence on the part of prison officials resulting in injury to an inmate under their care is distinguishable from deliberate indifference and cannot support a constitutional claim under §1983. *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). To amount to a violation of the Constitution, the officials' actions must be deliberate or reckless in the criminal sense. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). Ellis's complaint is couched in language of both

8

"negligence" and "recklessness," but does not allege actions on the part of Canton which could be construed as reckless in the criminal sense. While Ellis may have a cause of action in state court for negligence, he has not shown a constitutional violation under §1983. His claim is therefore subject to dismissal under 28 U.S.C. §1915A(b)(1) for failure to state a legal claim for deprivation of constitutional rights. Consequently, the Magistrate Judge recommends the district court grant summary judgment in favor of Canton.

## CONCLUSION

The record in this case demonstrates plaintiff failed to establish there is any genuine issue as to any material fact sufficient to avert judgment in favor of the defendants. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that (1) the claim against Defendant PHS be DISMISSED due to Plaintiff's failure to exhaust administrative remedies; (2) summary judgment be GRANTED in favor of Defendant Deloach due to Plaintiff's failure to state a claim; and (3) summary judgment be GRANTED in favor of Defendant Canton due to Plaintiff's failure to state a claim.

It is further the Recommendation of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings relative to the claims presented in Plaintiff's complaint.

***It is further ORDERED that the parties shall file any objections to the said Recommendation by August 16 , 2007.***  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of August, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE