**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **CLIFFORD ELLIS, #208226,** )<br>    Plaintiff, )<br> ) <br> v. ) **CIVIL ACTION NO.: 2:05-CV-1020-ID**<br> ) **[WO]**<br>**JAMES DELOACH, et al.,** )<br>    Defendants. ) | |

<u>**PLAINTIFF'S OBJECTION TO RECOMMENDATION
OF THE MAGISTRATE JUDGE**</u>

**COMES NOW** the Plaintiff, **CLIFFORD ELLIS**, by and through his Attorney of Record, Jacob A. Dubin, and hereby files this <u>Plaintiff's Objection to Recommendation of the Magistrate Judge</u> with this Honorable Court, and respectfully proffers the following as grounds in support:

1. Plaintiff timely files this Objection pursuant to **Rule 72**, *F.R.C.P.* and pursuant to the August 16, 2007 deadline prescribed in the Reccommedation of the Magistrate Judge.

2. Prior to March 2007, the Plaintiff proceeded in the instant case *pro se*. As such, all pleadings subsequent to March 2007 were filed *pro se*, the majority of which were filed while the Plaintiff was still incarcerated in Elmore Correctional Facility, Elmore, Alabama.

3. The Plaintiff was paroled in or around March 2007 and began further private medical treatment as a result of his injuries sustained while in the custody of Alabama Department of Corrections.

4. Counsel for Plaintiff evaluated the records from Defendant Prison Health Care and made contact with counsel for Defendant Prison Health Care and counsel

        for Defendants DeLoach and Canton, represented by Alabama Office of Attorney General. The undersigned and Assistant Attorney General discussed settlement of Plaintiff's claim.

5. Upon Plaintiff's conclusion of treatment in or around May 2007, the undersigned made contact with counsel for Defendants. Assistant Attorney General (Department of Corrections) advised they would review the post-release medical treatment and discuss settlement options. The undersigned advised he would construct a settlement demand to forward to the Assistant Attorney General for review. Counsel for Prison Health Care advised said Defendant would not enter into settlement negotiations.

6. As such, Plaintiff stipulates that the claim as filed against Defendant Prison Health Care is due to be dismissed and summery judgment in favor of Defendant Prison Health Care is proper in this case.

7. Plaintiff cannot agree that summary judgment is proper as to Defendants DeLoach and Canton. Defendants DeLoach and Canton submitted the October 28, 2004 incident report to this Honorable Court indicating variances in the statements from several passengers, including Plaintiff. Plaintiff and others indicate Defendant Canton was negligent. Other inmates proffered statements indicating that Defendant Canton did look to the left of the stop sign. (*See Recommendation of the Magistrate Judge, pg. 2*).

8. That at the very least, there is a dispute of material facts in this case with regard to the actions of Defendants DeLoach and Canton, specifically Defendant Canton. *The Recommendation of the Magistrate Judge*, *pg. 2, fn 1*,

further states: "The court construes the facts in a light most favorable to Ellis, a non-movant in this case. See *Kingsland v. City of Miami*, 382 F.3d 1220, 1227 (11th Cir. 204) (Stating that a court must accept the non-movant's version of disputed facts as true for purposes of summary judgment)."

9. Plaintiff avers that the existing dispute of material facts gives rise to an issue for the trier of fact and cannot be disposed of without said findings. *The Recommendation of the Magistrate Judge*, pg. 4, cites *Celotex Corp v. Catrett*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987) states that "where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper."

10. Furthermore, the Magistrate Court holds that "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). (See *The Recommendation of the Magistrate Judge*, pg. 5).

11. Plaintiff Ellis specifically objects to the recommendation of summary judgment in favor of Defendant Canton. There are no facts before this Honorable Court that either prove or disprove with certainty the validity of Plaintiff's claim with regard to Defendant Canton.

12. The Recommendation of the Magistrate Judge, pg. 8, relays that Plaintiff Ellis alleges Defendant Canton was driving in an unsafe manner. Plaintiff Ellis undoubtedly bears this burden of proof. However, there is no indication from

the pleadings before this Honorable Court that Plaintiff Ellis cannot satisfy the requirements of *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993), as set forth in *The Recommendation of the Magistrate Judge*, pg. 8). The Recommendation holds that Plaintiff's claim implies "negligence" and "recklessness", but nothing to rise to the level of "deliberate or reckless in the criminal sense" needed to sustain a claim§1983. (See *The Recommendation of the Magistrate Judge*, pg. 8-9).

13. However, the Plaintiff's claim avers Defendant Canton ran a stop sign. The claim, construed in a liberal sense as filed *pro se*, would allege negligence per se, which involves the infraction of a law by Defendant Canton, designed to protect the injured Plaintiff under the instant factual scenario.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff hereby objects to summary judgment as proper for Defendants DeLoach and Canton and further requests this Court allow such factual dispute to be settled by the trier of fact. Plaintiff further requests the following relief:

1. The Plaintiff requests this Honorable Court stay its pending summary judgment ruling to allow the parties expanded time for settlement negotiations.

2. The Plaintiff contemporaneously files his Motion for Pre-Trial Mediation to effect resolution of the instant claim.

**RESPECTFULLY SUBMITTED**, on this the 16th day of August 2007.

/S/ Jacob A. Dubin
_____
**JACOB A. DUBIN (DUB010)**
Attorney for Plaintiff
**KEITH & DUBIN, PC**
22 Scott Street
Montgomery, AL 36104
PH 334.264.6776
FX 334.265.5362

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jason Matthew Bledsoe, Esq.

Lewis Peyton Chapman, III

Richard Brett Garrett

/S/ Jacob A. Dubin
_____
**OF COUNSEL**